# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RONNIE L. FAMOUS,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN DOE OFFICERS 1-4, and<br>CAPTAIN DOE JULSON,<br><br>                Defendants. | Case No. 20-CV-243-JPS<br><br><br>**ORDER** |

      Plaintiff Ronnie L. Famous, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $2.31. 28 U.S.C. § 1915(b).

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

Page 2 of 10
Case 2:20-cv-00243-JPS   Filed 07/08/20   Page 2 of 10   Document 8

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Plaintiff, who is now at the Wisconsin Recourse Center, was incarcerated at Columbia Correctional Institution ("Columbia") when the alleged events took place. (Docket #1 at 2). Defendants John Doe Officers 1–4 are correctional officers at Columbia and Defendant Doe Julson is a captain there (collectively, "Defendants"). *Id.* at 2–3. Plaintiff alleges that Defendants waged a "campaign of harassment" against Plaintiff, which included: serving contaminated food and cold food; withholding blood pressure medication; making Plaintiff sleep on a concrete bed without a mattress, clothing, blanket, or sheets in a cold cell; losing or throwing away legal papers; opening legal mail; and returning or not mailing legal mail. *Id.* at 3–4.

Specifically, on November 18, 2019, Plaintiff yelled at Sergeant Carl Kim when she returned mail to him that he had given to prison officials for mailing to the court. *Id.* at 4. Defendant Julson was called and came to Plaintiff's cell with the four John Doe officer defendants. *Id.* Plaintiff yelled

at Defendants and refused to place his hands out to be handcuffed. *Id.* Defendants returned to his cell in riot gear with gas masks and ordered Plaintiff to come to the door and submit to restraints; Plaintiff refused. *Id.* at 5. After his refusal, Defendants sprayed Plaintiff with OC "pepper" spray numerous times. *Id.* After being sprayed, Plaintiff's body began to burn and he could hardly breathe. *Id.* Plaintiff stopped resisting the officers and obeyed their orders from that point on. *Id.* Defendants ordered Plaintiff to get on his knees and crawl backwards to the door to be handcuffed. *Id.* Plaintiff complied and had to crawl through pepper spray on the floor, which caused his hands and knees to burn. *Id.* Once at the door, Plaintiff was handcuffed tightly, causing poor circulation, pain, cuts, and bruises. *Id.* at 5–6.

Defendants had Plaintiff crawl into the hallway and placed a spit mask on his face. *Id.* at 6. The spit mask made it hard for Plaintiff to breathe, so he asked Defendant Julson to loosen and adjust the straps. *Id.* at 6–7. Defendant Julson refused, and told Plaintiff that he was going to make sure that Plaintiff spent a long time in the segregation unit. *Id.* at 7. Defendants improperly placed Plaintiff in a restraint chair crookedly and strapped him in extremely tightly, then banged the chair into the door frames on the way to the segregation unit, causing Plaintiff back pain. *Id.* at 6.

When they arrived at the segregation unit, Plaintiff asked Defendant Julson if he could take a shower and see the nurse because he was in pain and was having problems breathing. *Id.* at 8. Defendant Julson refused to let Plaintiff see the nurse, and refused to allow Plaintiff to take a decontamination shower to clean himself of the pepper spray. *Id.* at 7. Instead, Defendants rinsed Plaintiff's face for a few seconds, but the short rinse did not make a difference because he was still wearing the spit mask.

*Id.* at 8. Defendant Julson ordered the four John Doe officer defendants to push Plaintiff against the wall and forcefully cut his clothing off. *Id.* at 7. Defendants forced Plaintiff to walk wearing nothing but a towel around his waist to humiliate him in front of the other prisoners, who were yelling and clapping. *Id.* at 7–8.

Plaintiff was put into a cell with nothing but a smock to wear. *Id.* at 8. Further, Plaintiff had to sleep in the cold cell on a concrete bed with no mattress, additional clothing, blankets, bedding, or towels. *Id.* at 9. Sleeping on the bare concrete bed hurt Plaintiff's back and hipbone. *Id.* The cell did not have a washcloth, soap, toilet paper, or running water. *Id.* Additionally, Plaintiff was forced to ask another prisoner to write to the nurse to get medical help, because Defendants refused to give Plaintiff a pencil and health services slip. *Id.*

Plaintiff seeks to proceed against Defendants on a claim of excessive force. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). While it appears that Defendants' use of pepper spray was meant to force compliance by Plaintiff, Plaintiff alleges that he was compliant after he was sprayed. If this

is true, then the other uses of force—the lack of shower to wash off the pepper spray, improperly strapping Plaintiff into a restraint chair and banging him against door frames—were excessive.

Additionally, Plaintiff seeks to proceed on an Eighth Amendment conditions of confinement claim. Prisoners have a right to certain necessities of life such as "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They are also entitled to "sanitation[] and hygienic materials." *Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503 (7th Cir. 2016). Plaintiff's allegations suggest that the state of his segregation unit cell—a cold cell with no mattress, blankets, clothing beyond a smock, running water, and access to the nurse—violated his right to humane conditions of confinement.

Plaintiff also seeks proceed against Defendants for failing to provide adequate medical care. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,'—i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). The saturation of pepper spray on Plaintiff's skin could be a serious medical need, though it is not clear whether that is true for Plaintiff in this instance. Plaintiff's allegations that he asked Defendants to let him take a decontamination shower, that he

wanted to see the nurse, and that they did not allow him to see the nurse or provide him with materials to request the nurse for an extended period adequately suggest deliberate indifference to his medical condition.

Finally, Plaintiff asks to proceed on negligence claims. "[I]n Wisconsin, an inmate has a claim against a prison employee who negligently fails to obtain medical attention for the inmate and that failure causes the inmate to sustain a serious illness or injury." *Brownelli v. McCaughtry*, 514 N.W.2d 48, 50–51 (Wis. 1994). Additionally, the Restatement notes that, "[o]ne who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection . . .[owes] a duty to the other." Restatement (Second) of Torts § 314A(4) (discussing the duty of a jailer); *Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 898–99 (E.D. Wis. 2006) (evaluating a wrongful death claim and noting that "[c]ounty corrections officers clearly had a duty to protect [the inmate] from threats to his safety by virtue of the fact that he was in their custody."). Plaintiff has stated a claim of negligence against all Defendants for failing to promptly seek medical attention.

In light of the low bar applied at the screening stage, the Court finds that Plaintiff's allegations state claims for excessive force, unconstitutional conditions of confinement, deliberate indifference, and negligence against the Defendants. Perhaps not all of these Defendants are truly responsible for the issues, or perhaps they did address his concerns in some manner, but those facts are not present in the complaint. The Court will, therefore, allow Plaintiff to proceed against all Defendants at this time.

Defendants may move to dismiss the negligence claims if Plaintiff did not comply with Wisconsin's notice of pleading statute. Wis. Stat. §

Page 7 of 10
Case 2:20-cv-00243-JPS   Filed 07/08/20   Page 7 of 10   Document 8

893.82(3). Additionally, Plaintiff should identify the four John Doe officers and the full name of Defendant Julson as soon as he is able to do so. The Court further notes that Plaintiff may not proceed against any of the Defendants in their official capacities, as all of his claims relate solely to their individual conduct. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000).

In sum, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Use of excessive force against Plaintiff, in violation of the Eighth Amendment, by all Defendants on November 18, 2019;

**Claim Two:** Conditions of confinement, in violation of the Eighth Amendment, by all Defendants on November 18, 2019;

**Claim Three:** Deliberate indifference to Plaintiff's serious medical needs, namely his need for medical attention after being sprayed with OC "pepper" spray, in violation of the Eighth Amendment, by all Defendants on November 18, 2019; and

**Claim Four:** Negligence by all Defendants on November 18, 2019.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court,

copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $347.69, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Plaintiff need not mail copies to Defendants. Defendants will be served electronically through the Court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the Court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the Court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge